UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA; and TRUSTEES OF THE TEAMSTERS CONVENTION INDUSTRY TRAINING FUND,<br><br>    Plaintiffs,<br><br>v.<br><br>FRANCES LASLEY, et al.,<br><br>    Defendants. | 2:11-cv-01764-LDG-PAL<br><br>**ORDER** |

Defendants have filed a motion to set aside default and default judgment (#30, opposition #34, reply #35). The complaint in this case was filed on November 3, 2011, generally alleging fiduciary and alter-ego liability for ERISA delinquent contributions. Defendants Frances Lasley, Tammy Lasley, Franklin Lasley, and Exhibit Design and Production, Inc. ("Exhibit Design"), were served on December 13, 2011 (#7, #8, #9, #10). Defendant Brian Lasley was served on December 14, 2011 (#11). On January 25, 2012, the clerk entered default against all defendants (#17). On February 6, 2012, after entry of default, defendants Frances Lasley and Exhibit Design & Production, Inc., filed a motion for extension of time to respond to complaint for the purpose of

retaining counsel (#18, response #19).  On February 13, 2012, plaintiffs filed a motion for default judgment (#20). Defendants have yet to designate counsel or answer the complaint.

On September 24, 2012, the court denied defendants Frances Lasley and Exhibit Design's motion for extension of time as insufficiently supported, but granted them leave to retain an attorney and respond to plaintiffs' motion for default judgment because they had made an appearance in the case.  The court further ordered plaintiff to re-file their motion for default judgment as to defendants Frances Lasley and Exhibit Design, only, and provided Frances Lasley and Exhibit Design thirty days from the refiling to file an opposition.  Finally, the court granted plaintiffs' motion for default judgment against defendants Tammy Lasley, Franklin Lasley, and Brian Lasley as they had made no appearances in the case (#23).

On October 4, 2012, according the court's order, plaintiffs filed their amended motion for default judgment against Frances Lasley and Exhibit Design (#25).  On October 5, 2012, the court executed a proposed order for default judgment (#26) filed five days after the filing of the amended motion for default judgment against Frances Lasley and Exhibit Design.  The order, however, was filed before the thirty-days' leave for Frances Lasley and Exhibit Design to retain counsel and respond as permitted by the court's September 24, 2012 order.  Then, on November 7, 2012, plaintiffs filed an amended motion for default judgment against Tammy Lasley, Franklin Lasley, and Brian Lasley, only, which plaintiffs claimed was pursuant to the court's September 24, 2012, order.  No such directive, however, was given by the court.

In approximately April 2012, plaintiffs learned that the individual Lasley defendants were represented by the Las Vegas firm of Piet & Wright, and certain contacts regarding settlement continued even beyond the court's September 24, 2012 order.  After further correspondence, the Piet firm advised plaintiffs that it no longer represented defendants.  On October 12, 2012, plaintiffs became informed that Brian Morris, Esq., was defendants' new counsel, and that Mr. Morris contemplated filing a motion to set aside the default judgments.

1    On March 1, 2013, defendants filed their motion to set aside the default judgments.
2 Defendants argue in their motion (1) that defendant Frances Lasley's pro se motion for extension
3 of time on behalf of himself and Exhibit Design mistakenly did not list the other defendants as
4 movants, (2) the Piet firm did not adequately protect defendants' interests, including failing to
5 oppose the entries of the default judgments, and (3) that plaintiffs' counsel violated ethical rules
6 by failing to communicate with or serve the Piet firm regarding the motion for default judgment.
7 The court need not address these grounds because it finds that, based on the state of the record
8 alone, the default judgments should be set aside.  Even though defendants have not identified this
9 issue, the court notes that it entered default judgment against Frances Lasley and Exhibit Design
10 before the expiration of the time period for their response to plaintiffs' re-filed motion, and that
11 plaintiffs filed an amended motion for default judgment against Tammy Lasley, Franklin Lasley,
12 and Brian Lasley, after default judgment had already been granted against these defendants, and
13 without the court's directive.  These actions may well have introduced indefiniteness and
14 confusion into the record just at a time when clarity was called for.  Accordingly,

15    THE COURT HEREBY ORDERS that defendants' motion to set aside default and default
16 judgments against all defendants (#30) is GRANTED.  The clerk's entry of default (#17), and the
17 default judgments (#24, #26, and #29) are set aside and VACATED.

18    THE COURT FURTHER ORDERS that defendants shall have twenty (20) days in which
19 to file their answers or appropriate motions.

20    THE COURT FURTHER ORDERS that defendants' motion to shorten time (#31) is
21 DENIED as moot.

23    Dated this __12__ day of April, 2013.

            _____
             Lloyd D. George
             United States District Judge

3