UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA; and TRUSTEES OF THE TEAMSTERS CONVENTION INDUSTRY TRAINING FUND,<br><br>           Plaintiffs,<br><br>v.<br><br>FRANCES LASLEY, et al.,<br><br>           Defendants. | 2:11-cv-01764-LDG-PAL<br><br>**ORDER** |

Plaintiffs have filed a motion for leave to file their second amended complaint (#53, opposition #54, reply #55). Plaintiffs seek to add Display Technologies, LLC, as a new defendant, alleging that it is an alter ego of American Tradeshow, Inc. Defendants oppose the motion on the grounds of time-bar, non-compliance with LR-26-4, and futility.

Pursuant to the discovery and scheduling orders, discovery was to close on November 3, 2013, with the deadline to amend pleadings or add parties set for August 2, 2013. Plaintiffs took the deposition of Franklin Lasley, the former president of American Tradeshow and Exhibit Design and Production, Inc., on August 22, 2013, in Florida. Counsel for plaintiffs received a transcript of the deposition the week before plaintiffs moved to file their second amended

complaint.  In the deposition, plaintiffs' counsel asserts that Franklin testified to numerous commonalities between American Tradeshow including the nature of the services, management, supervisors, and employees, use of the same payroll company, bank, and vehicles and equipment.

Absent a showing of prejudice, or a strong showing of delay, bad faith, or dilatory motive, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  Where an amendment is sought after the deadline for seeking leave to amend pleadings, the moving party must first satisfy the "good cause" standard under the Fed. R. Civ. P. 16(b).  Amerisourcebergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 953 (9th Cir. 2006)(citation omitted).

Here, plaintiffs have demonstrated ample good cause for filing after the amendment deadline.  Discovery was ongoing, and the deposition which put plaintiffs on notice of the alter ego factors between American Tradeshow, Inc., and Display Technologies, LLC, was taken only weeks before the motion to amend was filed.  Defendants have not identified sufficient prejudice to warrant a denial of an amendment, and the relationship between the entities justifies plaintiffs' assertion of an alter ego claim in ERISA to prevent entities from avoiding collective bargaining obligations through work shifting.  The amendment is not futile, and will be granted.

The filing of the second amended complaint may impact the pending motions for summary judgment and permit a possible reopening of limited discovery.  The court must defer consideration of the pending dispositive motions until the parties have had an opportunity to develop the record regarding the new claims of the second amended complaint.  Accordingly, the pending motions for summary judgment will be denied without prejudice to their refiling after the dispositive motion deadline for the second amended complaint.  Accordingly,

THE COURT HEREBY ORDERS that plaintiffs' motion to file their second amended complaint (#53) is GRANTED.

THE COURT FURTHER ORDERS that the following motions for summary judgment are DENIED without prejudice to their refiling after the dispositive motion deadline for the second amended complaint:

Defendant Tammy Lasley's motion for summary judgment (#58)

Plaintiffs' motion for summary judgment against Exhibit Design and Production (#60)

Plaintiffs' motion for summary judgment against Franklin Lasley (#61) (the court notes that defendant Franklin Lasley has filed a notice of bankruptcy (#88))

Plaintiffs' motion for summary judgment against Great American Insurance Company (#62)

Defendants' countermotion for summary judgment as to all defendants based on issue preclusion as a matter of law (#76)

THE COURT FURTHER DIRECTS THE PARTIES to consult with the magistrate judge regarding the reopening of discovery pertaining to the newly added party and claims, and the setting of schedules.

Dated this ____ day of September, 2014.

_____
Lloyd D. George
United States District Judge

3