UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA; and TRUSTEES OF THE TEAMSTERS CONVENTION INDUSTRY TRAINING FUND,<br><br>          Plaintiffs,<br><br>v.<br><br>FRANKLIN LASLEY, et al.,<br><br>          Defendants. | 2:11-cv-01764-LDG-PAL<br><br>**ORDER** |

Defendants have filed a motion for summary judgment (#113, opposition #125, reply #130), and plaintiffs Trust Funds have filed a motion for summary judgment (#114, oppositions #124 and #128, reply #131).

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ .P. 56©.  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Whether a fact is material is determined by looking to the governing substantive law; if

the fact may affect the outcome, it is material.  Id. at 248.  If the moving party seeks summary adjudication with respect to a claim or defense upon which it bears the burden of proof at trial, its burden must be satisfied by affirmative, admissible evidence.  By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence supporting the claim or defense.  See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

If the moving party meets its initial burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed .R .Civ. P. 56(e).  In assessing whether the non-moving party has raised a genuine issue, its evidence is to be believed, and all justifiable inferences are to be drawn in its favor.  Anderson, 477 U.S. at 255 (citing Adickes v. S. H. Kress and Co., 398 U.S. 144 (1970)).  Nonetheless, "the mere existence of a scintilla of evidence" is insufficient to create a genuine issue of material fact.  Anderson, 477 U.S. at 252; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 474 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.").

The trust funds make a strong showing that Exhibit Design & Production and Display Technologies, LLC, were alter egos of American Tradeshow and were used as a sham to avoid American Tradeshow's  collective bargaining obligations.  The test for establishing the alter ego relationship and obligations requires proof that "the entities have "common ownership, management, operations, and labor relations," and (2) the nonunion firm is used "in an effort to avoid collective bargaining obligations."  UA Local 343 United Ass'n of Journeymen & Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO v. Nor-Cal Plumbing, Inc., 48 F3d 1465, 1470 (9th Cir. 1995).  However, given the contrary testimony of Franklin and Brian Lasley, albeit self-serving in comparison to that of Ronald

Kingston, the court cannot with assurance find that defendants' have not raised a genuine issue of triable fact.

Moreover, because the reasonableness of attorneys' fees in the Trust Funds' motion for summary judgment (#114) may well be relevant to their claim against the Great American Insurance Company's bond, the court will also deny the Trust Funds' motion for summary judgment (#115) and Great American Insurance Company's motion for summary judgment (#116).  Finally, Great American Insurance Company did not file a reply rebutting the points made by the Trust Funds in Great American Insurance Company's motion to set aside stipulation and order (#117), and the court finds the points made by the Trust Funds meritorious.  Accordingly,

THE COURT HEREBY ORDERS that defendants' motion for summary judgment (#113), and plaintiffs Trust Funds' motion for summary judgment (#114) are DENIED.

THE COURT FURTHER ORDERS that the Trust Funds' motion for summary judgment (#115) and Great American Insurance Company's motion for summary judgment (#116) are DENIED.

THE COURT FURTHER ORDERS that Great American Insurance Company's motion to set aside stipulation and order (#117) is DENIED, and the Trust Funds motion requesting a ruling on the motion to set aside stipulation and order (#129) is DENIED as moot.

Dated this ___ day of March, 2016.

_____
Lloyd D. George
United States District Judge

3