UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS LOCAL 631 FUND FOR SOUTHERN NEVADA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FRANCES LASLEY, et al.,<br><br>Defendants. | Case No. 2:11-cv-01764-LDG-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the court on Defendant Exhibit Design & Production ("DED&P") and Defendant Display Technologies, LLC's ("DDT") (collectively "Corporation Defendants") failure to comply with this court's Orders (ECF Nos. 150, 151) and Order to Show Cause (ECF No. 152).

On July 14, 2016, the court entered Orders (ECF Nos. 150, 151) granting withdrawal of counsel for Corporation Defendants, and requiring Corporation Defendants to retain substitute counsel who should make an appearance in accordance with the requirements of the Local Rules of Practice. The order warned Corporation Defendants that their failure to timely comply with the order might result in a recommendation to the district judge for default judgment. Corporation Defendants have failed to retain substitute counsel, and have not requested an extension of time in which to do so.

On August 23, 2016, the court entered an Order to Show Cause (ECF No. 152) because Corporation Defendants failed to comply with the court's previous Orders (ECF Nos. 150, 151) and did not retain substitute counsel. The court directed Corporation Defendants to show cause in writing no later than September 12, 2016, why they had not complied with the court's Orders (ECF Nos. 150, 151). The Order to Show Cause (ECF No. 152) advised Corporation

Defendants that their failure to respond to the order to show cause would "result in a recommendation to the district judge that default judgment be entered against DED&P and DDT for their failure to retain counsel for the duration of the litigation." Corporation Defendants have failed to file a response to the Order to Show Cause (ECF No. 152), and have not requested an extension of time in which to do so.

Corporation Defendants' willful failure to comply with the court's Orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Corporation Defendants have willfully refused to comply with multiple court Orders.

Accordingly,

**IT IS RECOMMENDED** that default judgment be entered against DED&P and DDT.

DATED this 21st day of September, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

This Report of Findings and Recommendation is submitted to the assigned District Judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page

1   limitations found in LR 7-3(b).  The parties are advised that failure to file objections within the
2   specified time may result in the district court's acceptance of this Report of Findings and
3   Recommendation without further review.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
4   (9th Cir. 2003).  In addition, failure to file timely objections to any factual determinations by a
5   magistrate judge may be considered a waiver of a party's right to appellate review of the findings
6   of fact in an order or judgment entered pursuant to the recommendation.  *See Martinez v. Ylst*,
7   951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. Pro. 72.